UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY CIARLA, | ) | CASE NO. 4:08 CV 2012 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 20, 2008, pro se plaintiff Anthony Ciarla filed this action against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC"), NEOCC Warden Joseph Gunja, and NEOCC Employees Dana Orenic, Eric Staiger, William Fain, Sandra Kondos, William Zeyer, Galey Gates, Anthony Brenneman, and Albert Toss.  In the complaint, plaintiff asserts that the defendants engaged in a conspiracy to commit criminal acts entitling him to relief under 18 U.S.C. §§1961, 1962, and 1969 of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He seeks monetary damages and injunctive relief.

**Background**

Mr. Ciarla is a federal prisoner incarcerated at NEOCC pursuant to a contract with the Bureau of Prisons.  When Mr. Ciarla arrived at NEOCC on July 17, 2007, he was given

clothing, bed linen, towels, a wash cloth, 3 pairs of socks, 3 tee shirts, and 3 pairs of underwear. He states that he inquired about shoes and toiletries and was told if he wanted them, he would have to purchase them from the commissary. Mr. Ciarla contends that the prison is supposed to provide those items. He states that this policy forces inmates to spend money at the commissary, which he characterizes as money laundering. In addition, Mr. Ciarla alleges that the prison frequently searches inmate cells and confiscates personal property. During institution-wide lock downs, officers are permitted to search cells and take property for security purposes. He claims he has spent over $ 7,000.00 at the prison commissary in the last year to purchase new items and to replace property taken during the searches. Mr. Ciarla further contends that the goods offered at the commissary are of poor quality. He states that the prison does not sell the items at cost, will not honor warranties and will not take back defective merchandise.

Mr. Ciarla also alleges that the prison sacrifices inmate rights to maximize profits. He claims, without explanation, that he needs a CT scan or surgical treatment. He states he has been denied this treatment because the institution is not willing to pay for the procedures. He also contends that he attempted to convert from Catholicism to Judaism. He was permitted to make the change on paper, but he has been denied a kosher diet because of the additional cost.

Finally, Mr. Ciarla claims that the defendants have tampered with his mail. He indicates that Mr. Fain is in charge of the mail room at NEOCC. He states that his magazine covers were defaced. He contends that Mr. Fain told the post office that Mr. Ciarla was no longer a prisoner at NEOCC and that he left no forwarding address. He claims he almost lost his house because his property tax bill for his Canadian home was returned to sender. He has not received return receipt cards for outgoing mail.

Mr. Ciarla asserts that the defendants engaged in a conspiracy to commit criminal acts entitling him to relief under 18 U.S.C. §§1961, 1962, and 1969 of RICO.  Specifically, he claims that they engaged in mail and wire fraud in violation of 18 U.S.C. § 371, obstruction of correspondence in violation of 18 U.S.C. § 1702, obstruction of mail in violation of 18 U.S.C. §1701, money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(i), 1956 (a)(B)(i), and 1956 (h), and engaged in commerce by threat of violence in violation of 18 U.S.C. § 1951.  He seeks compensatory and punitive damages.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

3

> indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity," § 1961(5), which are set forth in § 1961(1).[1] Thus, to prove that a defendant violated § 1962(c), it is necessary

---

[1] 18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical..., which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: §201 (relating to bribery),§ 224 (relating to sports bribery), §§471, 472, and 473 (relating to counterfeiting), §659 (relating to theft from interstate shipment)...,§664 (relating to embezzlement from pension and welfare funds), §891-894 (relating to extortionate credit transactions), §1028 (relating to fraud and related activity in connection with identification documents), §1029 (relating to fraud and related activity in connection with access devices), §1084 (relating to the transmission of gambling information), §1341 (relating to mail fraud), §1343 (relating to wire fraud), §1344 (relating to financial institution fraud), §1425 (relating to the procurement of citizenship or nationalization unlawfully),§ 1426 (relating to the reproduction of naturalization or citizenship papers), §1427 (relating to the sale of naturalization or citizenship papers),§ 1461-1465 (relating to obscene matter), §1503 (relating to obstruction of justice), §1510 (relating to obstruction of criminal investigations), §1511 (relating to the obstruction of State or local law enforcement), §1512 (relating to tampering with a witness, victim, or an informant), §1513 (relating to retaliating against a witness, victim, or an informant), §1542 (relating to false statement in application and use of passport), §1543 (relating to forgery or false use of passport),§1544 (relating to misuse of passport), §1546 (relating to fraud and misuse of visas, permits, and other documents), §§1581-1591 (relating to peonage, slavery, and trafficking in persons), §1951 (relating to interference with commerce, robbery, or extortion), §1952 (relating to racketeering), §1953 (relating to interstate transportation of wagering paraphernalia), §1954 (relating to unlawful welfare fund payments), §1955 (relating to the prohibition of illegal gambling businesses), §1956 (relating to the laundering of monetary instruments), §1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), §1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), §§2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), §§ 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), §§2314 and 2315 (relating to interstate transportation of stolen property), §2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies
(continued...)

for the plaintiff to prove that the defendant committed two predicate offenses.  To violate §1962(d), a defendant must conspire with another person who commits two acts of racketeering activity United States v. Joseph, 781 F.2d 549, 554 (6th Cir.1986).  Although Mr. Ciarla asserts that the defendants deprived him of personal property, denied him medical procedures he believes he needs, denied him a kosher diet and misrouted his mail, none of these actions constitutes "racketeering activity" as defined by the statute.  Consequently, he has not stated a claim for a violation of either §§ 1962(c) or (d).

        Mr. Ciarla first contends that the defendants engaged in mail and wire fraud in violation of 18 U.S.C. § 371, which would constitute a predicate offense.  Section 371, however, addresses conspiracy to commit an offense against the United States or to defraud the United States.  There are no facts in the complaint that suggest the United States was the victim of a crime or fraudulent conduct.  Mail fraud is found in 18 U.S.C. § 1341.  To commit mail fraud, the individual

---

[1](...continued)
of motion pictures or other audiovisual works), §2319 (relating to criminal infringement of a copyright), §2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), §2320 (relating to trafficking in goods or services bearing counterfeit marks), §2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), §§2341-2346 (relating to trafficking in contraband cigarettes), §§2421-24 (relating to white slave traffic), (C) any act which is indictable under title 29, United States Code, §186 (dealing with restrictions on payments and loans to labor organizations) or §501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under §157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in §102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, § 274 (relating to bringing in and harboring certain aliens), § 277 (relating to aiding or assisting certain aliens to enter the United States), or §278 (relating to importation of alien for immoral purpose) if the act indictable under such  of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in §2332b(g)(5)(B).

must devise or intend to devise any scheme to defraud, and in carrying out this plan place the item in question in any post office or authorized depository.  There is no suggestion that any of the defendants attempted to defraud Mr. Ciarla by mailing something to him.

Mr. Ciarla suggests that defendants were guilty of obstruction of correspondence, in violation of 18 U.S.C. §1702, and obstruction of mail, in violation of 18 U.S.C. § 1701.  Neither of these, however, is a predicate offense under 18 U.S.C. § 1961(1).

Mr. Ciarla next suggests that the defendants are liable to him for money laundering. Section § 1956(a) requires the plaintiff to prove that the defendants knowingly conducted a financial transaction with the proceeds from an unlawful activity with the intent to promote the carrying on of specified unlawful activity, or to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.  There are no facts in the complaint which reasonably suggest that the defendants were involved in criminal activity or that they were using proceeds from illegal activities in other transactions.

Finally, Mr. Ciarla claims that the defendants have interfered with commerce by threats or violence, in violation of 18 U.S.C. § 1951.  This statute deals specifically with robbery and extortion.  Nothing in the complaint could be construed in this manner.

Mr. Ciarla has not alleged facts to indicate that any of the defendants engaged in two or more predicate acts.  Absent a predicate act, the plaintiff cannot sustain a cause of action under RICO.

## Conclusion

Accordingly, this action is dismissed pursuant to §1915A.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith**.**

        IT IS SO ORDERED.


                                                     <u>S/Peter C. Economus - 10/23/08</u>
                                                     PETER C. ECONOMUS
                                                     UNITED STATES DISTRICT JUDGE